IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JAMES ANTHONY SCHULTZ and | ) | |
| JEAN MARIE SCHULTZ, | ) | Case No. 11-40490-JWV-13 |
| | ) | |
| Debtors. | ) | |

and

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MILTON LEROY SMITH and | ) | |
| JARRETT DEJEAN SMITH, | ) | Case No. 11-40945-DRD-13 |
| | ) | |
| Debtors. | ) | |

and

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DAVID LEWALLEN FULTON and | ) | |
| DIANA LUCILLE FULTON, | ) | Case No. 11-41044-DRD-13 |
| | ) | |
| Debtors. | | |

## **MEMORANDUM OPINION**

The issue before the Court in these cases is whether above-median Chapter 13 debtors who own unencumbered vehicles over six years old or with mileage in excess of 75,000 miles may claim an additional $200.00 for monthly operating expenses in calculating their projected disposable income on their Form 22C. In each case, the Debtors have claimed such an additional operating expense and the Chapter 13 Trustee has objected contending that they are not entitled to the deduction pursuant to the Internal Revenue Service's standards made applicable in Chapter 13 by § 707(b)(2) and § 1325(b)(3). The Trustee contends that by doing so the Debtors are not committing all of their projected disposable income to the payment of unsecured

creditors pursuant to the plan as required by § 1325(b).  This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1).  These are core proceedings, pursuant to 28 U.S.C. § 157(b)(2)(L), which this Court may hear and determine and in which it may issue final orders.  The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure.  For the reasons set forth below, I conclude that the Debtors are not entitled to claim this additional operating expense and the Trustee's motions to deny confirmation should be granted.

## I.  FACTUAL BACKGROUND

The facts cited below are taken from the pleadings filed on the Court docket of which the Court takes judicial notice pursuant to the consent of the parties.  James and Jean Schultz filed a petition for relief under Chapter 13 of the Bankruptcy Code on February 9, 2011.  They filed an Amended Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Form 22C) reflecting total monthly income of $6,075.43.  Annualized this amounts to $72,905.16 which is in excess of the applicable median family income for the state of Missouri of $68,705.00.  As a result, these Debtors are above median and, in the process of calculating disposable income pursuant to § 1325(b)(2), required to determine their expenses in accordance with the Internal Revenue Service (IRS) standards incorporated into the Bankruptcy Code by § 707(b)(2).  The Debtors have deducted a total of $820.00 on line 27a for vehicle operating expenses pursuant to the IRS Local Standards.  Utilizing that number, the Debtors' monthly disposable income is a negative $92.16.  Debtors have claimed an

2

additional $400.00 for each of two unencumbered vehicles they own. Schedule J shows they incur actual transportation expense of only $500.00.

Milton and Jarrett Smith filed a petition for relief under Chapter 13 of the Bankruptcy Code on March 9, 2011. They filed a Form 22C reflecting total monthly income of $5,868.56. Annualized this amounts to $70,422.72 which is in excess of the applicable median family income for the state of Missouri of $50,295.00. As a result, these Debtors are above median and, in the process of calculating disposable income pursuant to § 1325(b)(2), required to determine their expenses in accordance with the IRS standards incorporated into the Bankruptcy Code by § 707(b)(2). The Debtors have deducted a total of $620.00 on line 27a for vehicle operating expense pursuant to the IRS Local Standards. Utilizing that number, the Debtors' monthly disposable income is $440.16. Debtors have claimed an additional $400.00 for each of two unencumbered vehicles they own. Schedule J shows they incur actual transportation expense of only $425.00.

David and Diana Fulton filed a petition for relief under Chapter 13 of the Bankruptcy Code on March 14, 2011. They filed a Form 22C reflecting total monthly income of $13,067.33. Annualized this amounts to $156,807.96 which is in excess of the applicable median family income for the state of Missouri of $50,295.00. As a result, these Debtors are above median and, in the process of calculating disposable income pursuant to § 1325(b)(2), required to determine their expenses in accordance with the IRS standards incorporated into the Bankruptcy Code by § 707(b)(2). The Debtors have deducted a total of $820.00 on line 27a for the vehicle operating expense pursuant to the IRS Local Standards. Utilizing that number, the Debtors' monthly disposable income is $37.87. Debtors have claimed an additional $400.00 for each of two

3

unencumbered vehicles they own.  Schedule J shows they incur actual transportation expense of only $190.00.

Each of the vehicles mentioned above is more than six years old or has more than 75,000 miles or both.  In each case, the Debtors base their entitlement to this additional operating expense not on a provision of the Bankruptcy Code or on a number in the tables comprising the IRS standards, but rather on language contained in the IRS manual, Part 5, Chapter 8, Section 5.8.5.20.3, which offers guidance to IRS agents and provides as follows:

> In situations where the taxpayer has a vehicle that is currently over six years old or has reported mileage of 75,000 miles or more, an additional monthly operating expense of $200.00 will **generally** be allowed per vehicle. (emphasis added)

The Trustee contends that the deduction is inappropriate and if disallowed would change the calculation of disposable income and result in a greater dividend to non-priority, unsecured creditors.  As a result, the Trustee contends that the Debtors are not committing all of their projected disposable income to the payment of their unsecured creditors under the plan as required by § 1325(b).

## II.  DISCUSSION

Section 1325(b)(1) provides that upon objection by the trustee or the holder of an allowed, unsecured claim, the plan may not be confirmed unless the debtor pays all unsecured claims in full or the plan proposes to pay all the debtor's projected disposable income for the applicable commitment period to unsecured creditors.  Because each of the Debtors is above the applicable median income for a family of similar size in the state of Missouri, their disposable income is calculated in accordance with § 1325(b)(3) which incorporates the provisions of § 707(b)(2). In turn, that paragraph incorporates the standards promulgated by the IRS for

4

assessing the ability of delinquent taxpayers to pay taxes owed to the government.  The Local Standards component of the IRS standards includes ownership as well as operating expense deductions for debtors.  The allowances for operating expenses are contained in tables which yield the appropriate number for the deduction based on the number of vehicles owned by the debtor and the region in which the debtor lives.  In addition to these standards, the IRS has published a manual which contains guidance for its agents in interpreting and applying the standards, the relevant portion of which is quoted above.

Debtors contend that permitting the deduction would be consistent with an earlier decision of this Court, as well as of the Eighth Circuit Bankruptcy Appellate Panel.[1]  Specifically, they contend that the court in *In re McGuire*, 342 B.R. 608 (Bankr. W.D. Mo. 2006) has already determined that debtors are entitled to take such a deduction.  However, as the Trustee points out, the issue in *McGuire* was whether debtors who owned an unencumbered vehicle could nonetheless take the standard allowance for ownership expenses.  The question of an additional operating expense for older vehicles was not decided in the case and any comments made on that issue were necessarily dicta.  While the court did make the observation that the IRS manual would entitle the debtors to such a deduction, as noted earlier in the opinion, this issue was not a matter of contention between the debtors and the Chapter 13 trustee, as the trustee had in fact conceded that they would be allowed this additional operating expense.  *See McGuire*, 342 B.R. at 612, n. 11.  Similarly, the Debtors contend that the Eighth Circuit Bankruptcy

---

[1] Debtors James and Jean Schultz filed a post-hearing brief which is the source of the arguments the Court attributes to "Debtors" in the opinion and to which it responds.  Debtors in the other cases did not file a post-hearing brief, but the Court understands them to adopt the arguments made by the Debtors in the Schultz case.

Appellate Panel endorsed the deduction in *Babin v. Wilson (In re Wilson)*, 383 B.R. 729 (8th Cir. B.A.P. 2008). Once again, however, the issue in *Wilson* was the same one before the court in *McGuire*. The court in *Wilson* was not called upon to decide whether the debtors were entitled to take an additional operating expense for older vehicles. As was the case in *McGuire*, while the court noted that the IRS might interpret its standards so as to permit debtors to take such deductions, the issue was not litigated in the case, as the United States Trustee suggested the debtors could do so. *Wilson*, 383 B.R. at 732. Accordingly, neither case holds that above-median debtors are entitled to take such a deduction on older vehicles and the court is not bound by the comments made in those decisions on this question.

The Debtors also claim that the United States Supreme Court's recent decision in *Ransom v. FIA Card Services, N.A.*, ___ U.S. ___, 131 S. Ct. 716 (2011), supports their position. In *Ransom*, the Supreme Court took up the same question confronted in *McGuire* and *Wilson*, specifically whether a debtor with a vehicle not subject to a lien is nonetheless entitled to claim the ownership allowance provided by the IRS standards. The Supreme Court determined that the deduction was inappropriate. In the process, it cited those portions of the IRS manual suggesting that no deduction was appropriate in such cases. Debtors contend that this Court should use the same approach and utilize the language from the manual in allowing them to take an additional operating expense for their older vehicles. The Court declines to do so for a number of reasons.

Initially, the Court believes that using the language in the IRS manual to justify additional operating expense would be inconsistent with the way in which the manual was used in the *Ransom* decision. In *Ransom*, the Court stated that while the IRS guidelines are not incorporated into the Code, they might nonetheless be referred to by the courts in interpreting the

standards which are incorporated. *Ransom*, 131 S. Ct. at 726. Arguably, the Court used the guideline commentary to assist it in interpreting the statutory language, specifically the meaning of the word "applicable." In fact, the Court used the language of the manual to reinforce a conclusion it had already reached, employing recognized principles of statutory construction, that taking the deduction would be improper. In this instance, the guideline would be used to create a deduction which is present in neither the Code nor the standards. It would not be used in aid of the interpretation of statutory language as there is no language in the statute which purports to permit such a deduction. The statute in question, § 707(b)(2), provides that "the debtors' monthly expenses **shall be** the debtor's applicable monthly expense amounts specified under the National and Local Standards." § 707(b)(2)(A)(ii)(I) (emphasis added). The deduction the Debtors claim here is not in the standards.

In *Ransom,* the Court said that in interpreting the statutory language, the court should consider the text, context and purpose of the statute. *Ransom*, 131 S. Ct. at 721. Here, the text clearly provides no support for the claimed deduction. The statute says the expenses "shall be" those "amounts specified" in the standards. The allowance sought here is not in the standards. *See In re VanDyke*, 2011 WL 1833186 at \*4 (Bankr. C.D. Ill. 2011). As the Court noted in *Ransom*, the appropriate context is the approximation of the debtors' reasonable expenditures. *Ransom*, 131 S. Ct. at 724-725. Here the Schedule J filed in each case reflects that the Debtors incur expenses significantly less than amounts asserted in the Form 22C with the additional $200.00 or $400.00 in operating expenses. Accordingly, allowance of the deduction is inconsistent with approximating the Debtors' reasonable expenses. The court in *Ransom* cautioned against allowing expenses which were essentially fictional. *Ransom*, 131 S. Ct. at

727. The same concern applies here. The Debtors in these cases do own older vehicles and do incur operating expenses. In that sense, their operating expense claims are not fictional. However, as their actual numbers show, they do not in fact incur an additional $200.00 to $400.00 in operating expenses by reason of the age of their vehicles. In that sense, the additional operating expenses claimed are fictional. It may make sense to assume, as Debtors argue, that debtors with older vehicles will incur additional operating expenses. However, the Court in *Ransom* rejected a similar argument as a justification for an expense deduction, observing that the debtors were not entitled to a "cushion." If, during the course of the Chapter 13 proceeding, any of these debtors find it necessary as a result of the unreliability of their older vehicles to purchase another new or used vehicle, they may petition the court to modify their plan and incur additional debt, assessing that expense against their disposable income, if those amounts are reasonable and necessary. *Ransom*, 131 S. Ct. At 730. Finally, as far as statutory purpose is concerned, the Supreme Court acknowledged the much repeated suggestion that in enacting the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Congress sought to require debtors to pay the maximum amount they could afford. *Ransom*, 131 S. Ct at 725. Disallowance of the deduction in this situation, in which there is neither a statutory nor a factual basis for it, is consistent with that purpose.

      Even if the Court were to conclude that it should utilize the guidance contained in the IRS manual, it would not necessarily produce the result the Debtors urge. For one thing, as noted by the emphasis added by the Court to the language cited above, the allowance of this additional operating expense is generally, but not universally allowed. It is therefore discretionary. Accordingly, Debtors would not be entitled to take the deduction in every case

even if they owned an older automobile. In addition, as has been noted before, the IRS applies the Local Standards (of which the operating expense deduction is a part) as caps on expenditures asserted by taxpayers, not as allowances. *McGuire*, 342 B.R. at 613 n. 16; *VanDyke*, 2011 WL 1833186 at *2. Accordingly, the Debtors would only be entitled to the amount specified in the standard or their actual expenses, whichever is less.[2] Since the Schedule J filed in these cases shows that the Debtors do not have actual monthly automobile operating expenses in the amount claimed on their Form 22C, they would not be entitled to that amount but rather to the lesser amount shown on their Schedule J as transportation expenses.

The Debtors cite two post-*Ransom* cases in support of their contention that the Court should allow the additional operating expense. The first is *In re Baker*, 2011 WL 576851 (Bankr. D. Mont. 2011). The *Baker* court, however, relies primarily on its own previous decision and offers little additional analysis. It relies in part on the discussion in *Ransom* of the role of the guidelines, but, as indicated above, this Court respectfully disagrees with the assumption that the Supreme Court's use of the guidelines in *Ransom* is consistent with allowing the additional operating expense.

The other case cited is *In re Joest*, ___ B.R. ___, 2011 WL 1043559 (Bankr. N.D.N.Y. 2011). Actually, *Joest* involves a different issue: whether an individual debtor can claim ownership cost deductions for two motor vehicles. The Chapter 13 trustee objected to the claim, based in part upon language in the IRS manual which would limit a single debtor to a single

---

[2] Whether in bankruptcy cases the standards should be applied as caps or as allowances was a question specifically left open by the Supreme Court in *Ransom*. *Ransom*, 131 S. Ct. at 728 n. 18. As the issue was not raised by the parties in this case, this Court likewise leaves the question open. It does not mean by its comments above to suggest how the issue should be decided.

vehicle ownership expense deduction. The court overruled the trustee's objection and permitted the deduction, observing that the language of the statute did not limit debtor's ownership expense deductions and that to the extent they suggested otherwise, the guidelines in the manual were contrary to the statute. *Joest*, 2011 WL 1043559 at *17. Accordingly, neither the holding nor the rationale of *Joest* supports the Debtors' position.

The Court finds more persuasive the two post-*Ransom* decisions in which the courts have held the debtor may not take this additional operating expense. In *In re Hargis*, ___ B.R. ___, 2011 WL 1651235 (Bankr. D. Utah 2011), the court denied the claim on the basis that this additional allowance is not in the standards table incorporated by § 707(b)(2). The court noted that an additional $200 vehicle operating expense deduction is neither in the Local Standards nor in the Collection Financial Standards. The court therefore concluded that "as a matter of statutory interpretation . . . the $200 additional operating expense is not an expense specified under the . . . Local Standards within the meaning of § 707(b)(2)(A)(ii)(I)." *Hargis*, 2011 WL 1651235 at *2.

Likewise, in *VanDyke*, the court disallowed the additional operating expense deduction in part for the reason that the amount referred to in the guideline is not an applicable monthly expense amount specified under the Local Standards as required by the statute. For that reason, the court held that allowance of this additional amount set forth in the guidelines would be inconsistent with the statute. Making reference to the Supreme Court's observation in *Ransom* about the role of the guidelines, the court concluded that "allowance of an additional amount as set forth in the IRS guidelines is not a matter of interpretation of the Local Standards for

transportation, but one of its revision." *VanDyke*, 2011 WL 1833186 at *5.[3]

For all these reasons, the Court holds that debtors with motor vehicles over six years old or with mileage in excess of 75,000 miles may not claim an additional $200.00 in operating expenses on line 27a of the Form 22C. Accordingly, the Trustee's motions to deny confirmation of the proposed Chapter 13 plans in these cases are sustained.

ENTERED this 14th day of June 2011.

/s/ Dennis R. Dow
HONORABLE DENNIS R. DOW
UNITED STATES BANKRUPTCY JUDGE

Copies to:

Rick Fink
Joseph C. Jeppson
Tracy Robinson

---

[3] The court went on to consider other ways in which the debtors might justify taking the deduction including the doctrine of special circumstances. It ultimately concluded that it would permit debtors to claim additional operating expenses on line 60 of the Form 22C subject to a cap in the amount set forth in the manual. The Court does not embrace that position here as the argument was not made in this case and the Court has serious reservations about the statutory basis for such a claim.